EXHIBIT E

# CENTRAL WEST
# JUSTICE CENTER

*An affiliate of Community Legal Aid*

SUSAN GARCIA NOFI
Staff Attorney
sgarcianofi@cwjustice.org

ONE MONARCH PLACE, SUITE 350
SPRINGFIELD, MA 01144
Direct 413.686.9038
Main 413.686.9050 • FAX 413.732.7606

OFFICES:
PITTSFIELD
SPRINGFIELD
WORCESTER

June 27, 2017

**VIA First Class & Certified Mail**

New England Family Dentistry PC
5 Mount Royal
Building 5, Suite 300
Marlborough, MA 01752

Re: Iberika Sanchez

To Whom It May Concern:

I write on behalf of my client Iberika Sanchez. This letter is an attempt to amicably resolve Ms. Sanchez' legal claim against New England Family Dentistry, PC. This letter is written for the purpose of settlement only and is not intended to be admissible in any proceeding, or for any other purpose.

Ms. Sanchez' claim arises from New England Family Dentistry's violation of her rights under the Family Medical Leave Act (FMLA).

<u>Background</u>

Ms. Sanchez began working for New England Family Dentistry full-time on August 7, 2015. Starting in January 2016, Ms. Sanchez was on a leave of absence from work due to pregnancy and the birth of her child. As New England Family Dentistry advised Ms. Sanchez, this was not FMLA-eligible leave because at that time she had not yet worked for the employer for 12 months and had not yet worked 1250 hours. (*See* Attachment A, May 4, 2016 email from Barbara Faria, Human Resource Specialist). She returned to work on or about May 31, 2016.

In February 2017, Ms. Sanchez' mother was experiencing health problems that required surgery. Ms. Sanchez called out from work on February 20 due to a lack of daycare and her mother's health condition. (*See* Attachment B, February 20, 2017 email: "It's been a tuff past two weeks with my mother very ill."). Ms. Sanchez also requested time off in advance for March 8, to bring her mother to a pre-op examination, and March 15, to the date of her mother's scheduled surgery. At the same time, she requested to take off three half-days in March for medical appointments for herself and her children. (*See* Attachment C, 2/20/17 text to Diana Leitao, Director of Operations).

On February 28, Ms. Leitao met with Ms. Sanchez and offered her a choice between two part-time positions. (*See* Attachment D, March 1-March 13 emails). The document offering the part-time position advised Ms. Sanchez that if she declined to go part-time, she would immediately be placed on probation and "any call out or taking unapproved time off will result in immediate termination". (*See* Attachment E, 2/28/17 offer of part-time employment). On March 1, Ms. Sanchez asked Ms. Leitao whether it was mandatory for her to go to part-time. Ms. Leitao responded "At this point you can't commit to full time based on child care and your mom so what would you like me to do". (*See* Attachment F, 3/1/17 text.) Ms. Sanchez began working the part-time schedule starting March 6, 2017. This reduction in her hours came with a commensurate reduction in her income, and as a part-time employee she could no longer accumulate paid time off. (*See* Attachment D, March 1-March 13 emails, page 2).

On Monday, March 20, Ms. Sanchez notified her supervisor that she would be unable to work her two remaining scheduled days that week, because her mother was in serious condition in the hospital. Her supervisor responded that she was required to work her shifts that week, and if she did not the employer would consider her to have abandoned her job. Ms. Sanchez protested that she was not abandoning her job, and explained her mother's condition was serious and she had to "care for her at the hospital since she can't do anything on her own." (*See* Attachment G, texts dated March 20, 2017). On March 24, 2017, New England Family Dentistry fired Ms. Sanchez. (*See* Attachment H, Employee Termination Form, "involuntary".)

## FMLA Claim

New England Family Dentistry interfered with, restrained and denied the exercise of Ms. Sanchez' rights under the FMLA. See 29 U.S.C. § 2615(a)(1). Ms. Sanchez was a qualified employee, having worked for New England Family Dentistry for more than 12 months, and more than 1,250 hours during the 12 month period preceding the reduction in her hours and her subsequent termination. 29 U.S.C. § 2611(2)(B), 29 C.F.R. § 825.110(a).

As an eligible employee, she was entitled to up to 12 weeks of protected FMLA leave in order to care for a parent with a serious health condition. 29 U.S.C. § 2612(a)(1)(C), 29 C.F.R. § 825.112(a)(3). Ms. Sanchez' mother was suffering from a "serious health condition" that required surgery and inpatient care. 29 C.F.R. §

825.113(a). She needed Ms. Sanchez to care for her: for purposes of FMLA, such care can include both physical care as well as transportation to the doctor and psychological comfort and reassurance that is beneficial to a parent receiving inpatient care. 29 C.F.R. § 825.124(a). Ms. Sanchez put New England Family Dentistry on notice of her mother's serious illness when she called out on February 20. She was unable to work on March 8, March 15, March 22 and March 24 because she needed to care for her seriously ill mother, and she notified New England Family Dentistry of this in advance of her scheduled shifts.

When an employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days. 29 C.F.R. § 825.300(b). New England Family Dentistry was well aware that Ms. Sanchez was requesting time off in order to care for her seriously ill mother. It did not notify her that she was eligible for intermittent FMLA leave to care for a parent. Instead, it presented her with the choice of transferring to a part-time position, or be placed on probation and terminated the next time she was forced to call out from work to care for her mother. After two weeks as a part-time employee, Ms. Sanchez' mother was admitted to the hospital and she notified her supervisor she would be absent her next two scheduled days because she needed to care for her mother. Again, New England Family Dentistry did not tell her she was eligible for FMLA leave[1]. Instead, it directed her to report to work as scheduled. When she was unable to do so, her employment was terminated.

Damages

New England Family Dentistry violated the FMLA when it reduced Ms. Sanchez' hours and then terminated her for absences it knew were for FMLA-qualifying reasons. We believe that a court would come to this conclusion based on the attached evidence and Ms. Sanchez' credible testimony.

In the 15 weeks since her termination, Ms. Sanchez has already lost over $10,000 in the wages she would have earned as a full-time employee, had New England Family Dentistry met its obligation to offer her intermittent FMLA leave rather than requiring her to go part-time. Despite her efforts to find another job, she is still unemployed at this time. Front pay is an available equitable remedy in an FMLA case. Courts have awarded multiple years of front pay, however we are only taking into consideration one year of front pay - $35,360 - for purposes this settlement offer. Under the FMLA, liquidated damages should be awarded unless an employer puts forth a good faith

---

[1] At Ms. Sanchez' unemployment appeal hearing, Barbara Faria, Human Resource Specialist, admitted that she did not advise Ms. Sanchez that she could take FMLA leave to care for her mother. She claimed this was because Ms. Sanchez was ineligible for FMLA leave as a part-time employee. Nothing in the FMLA prohibits coverage of part-time employees. New England Family Dentistry's own handbook (*See* Attachment I) states "regular full-time *and regular part-time employees* of the Company may take up to 12 weeks of unpaid leave during any 12-month period for any of the following reasons in accordance with the Family and Medical Leave Act..." (Emphasis added).

defense to the satisfaction of the court.  Therefore, should Ms. Sanchez prevail at trial her lost wages and front pay award alone would likely exceed $45,360, plus an additional award of $45,360 for liquidated damages, plus interest and reasonable attorneys' fees and costs.  For purposes of this offer only, Ms. Sanchez is willing to forego the liquidated damages, lost benefits, interest and front pay beyond the next year.

<u>Resolution</u>

Ms. Sanchez is willing to resolve this matter for $45,360, plus a positive employment reference, and commitment by New England Family Dental to train its employees regarding FMLA eligibility and notice requirements. This offer will remain valid until the close of business on Wednesday, July 12, 2017.  If you would like to discuss this matter further, please contact me at 413-686-9038 before then.

Very truly yours,

Susan Garcia Nofi
Staff Attorney

Enc.